## MURPHY v. WATSON.

Argued June 10, 1901—Decided November 11, 1901.

Where, at the trial of a cause at Circuit an amendment of the pleadings was verbally allowed by the court, and after the entry of the judgment, the pleas necessary to raise the real subject-matter of the controversy between the parties were filed under an order allowed by the court—*Held,* such order was sufficient; the subsequent entry of the rule was a matter of form and though entered. after the trial, was entered *nunc pro tunc.*

On writ of error to the Essex Circuit. On action of replevin.

Before Depue, Chief Justice, and Justices Dixon, Garrison and Collins.

For the plaintiff in error, *Jerome D. Gedney.*

For the defendant in error, *Blake & Howe.*

Per Curiam.

The only question raised was with respect to the power of the court to order an amendment to the pleadings after the case was tried. The cause was tried December 3d, 1900. Judgment was entered upon the verdict the same day. On March 6th, 1901, pleas were filed that were necessary to raise the real subject-matter in controversy between the parties. The contention is that the filing of these pleas will not support the judgment, there being no triable issue at the time of the trial, and the power of the judge to order an amendment after the trial is contested. It appears from the stipulation, in writing, that the order referred to as allowed on March 2d was verbally made by the court at the trial of the cause.

That was a sufficient order. The subsequent entry of the rule was a matter of form, and, although entered after the trial, was entered *nunc pro tunc.*

Judgment should be affirmed.